W. C. WILHOIT *v.* JOHN B. HANCOCK ET AL.

**Frauds, Statute of—Written Agreement to Arbitrate Parol Sale of Land.**

A written agreement to arbitrate a parol sale of land, is sufficient to take it out of the Statute of Frauds. It is not material whether the finding of the arbitrators was enforceable or not.

**Contract for Sale of Land—Vendor and Purchaser.**

Where a contract in parol is made for the sale of land, by the vendee, redeeming two tracts, if one of them be subsequently redeemed by an agent of the vendor at his instance, this will not void the redemption of the other by the original vendee nor affect his contract of purchase.

APPEAL FROM OWEN CIRCUIT COURT.

October 23, 1871.

OPINION OF THE COURT BY JUDGE LINDSAY:

The evidence leaves no doubt but that the appellant with his own means paid to J. H. Wilhoit the vendee of Lee ($1220) twelve hundred and twenty dollars, the amount required to redeem the two hundred acre tract of land in controversy.

It is also very clear that this payment was made by appellant in pursuance to a contract between him and his father that he should have said land in case he would raise the money and redeem it. The father placed appellant in possession of the land and never did disturb or by any legal proceeding attempt to disturb his possession.

This contract was originally in parol, but when the matters in dispute between appellant and his father were on the 8th of September, 1861, submitted to arbitrators for adjustment, the difference between the parties with relation to the sale and purchase of the land, then occupied by them (and which the proof shows was the land redeemed by appellant) was one of the questions to be settled. This written agreement of submission is a sufficient memorial of the sale of the land to take it out of the statute of frauds.

We do not deem it material whether the finding of the arbi-

trators was enforceable or not, and we will not enquire into that question.

The written agreement of submission took the sale out of the statute of frauds, and at the time of the trial of the cause, appellant had possession of the land and held by assignment the title bond of Lee who was at the time of his death the holder of the legal title to the land.

The evidence conflicts to some extent as to the exact nature of the agreement between appellant and his father with reference to the redemption of the land from J. H. Wilhoit. It seems that it was originally contemplated that two tracts should be redeemed, and it is insisted that because this contract was not literally executed, appellants claim to the tract redeemed, cannot be specifically enforced. Whatever the agreement may originally have been, it was modified before appellant paid his money to J. H. Wilhoit. This fact is proved by two witnesses, who seem to have known all about the transaction and one of whom testified against his own interest. Besides this, the father, put it out of appellant's power to redeem one piece of the land by permitting one of his sons-in-law to redeem it, and after· wards permitted appellant to redeem the tract in controversy, put him in possession of it, and repeatedly stated in conversations that appellant took and held the same as a purchaser.

Considering all the facts of the case we are of opinion that Lee's heirs should have been adjudged to convey to appellant, and that his title should be perfected.

Wherefore the judgment is reversed and the cause remanded with instructions to render a judgment conforming to this opinion. On the cross appeal judgment affirmed. Chief Justice Pryor did not sit in this case.

*Drane, for appellant.*

*Grover & Scott, for appellee.*